UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN H. YOUNG ET AL. | CIVIL ACTION |
| VERSUS | 09-4255 |
| WELLS FARGO BANK ET AL. | SECTION "F" |

## ORDER AND REASONS

Before the Court is the plaintiffs' Motion for Certification of Order Pursuant to 28 U.S.C. § 1292(b). For the reasons that follow, the Motion is DENIED.

## **Background**

Plaintiffs own a home located at 428 Ellen Street in Ama, Louisiana. At the time of Hurricane Katrina, the home was under a mortgage with Wells Fargo Bank, and the mortgage was being serviced by Select Portfolio Servicing. On January 25, 2007, Wells Fargo instituted an executory process foreclosure action against the plaintiffs in the 29th Judicial District Court for the Parish of St. Charles. Plaintiffs filed exceptions, an answer to the petition, and a reconventional demand against Wells Fargo, as well as a third-party demand against several insurance companies. On April 9, 2009, Wells Fargo filed a dilatory exception of improper cumulation, claiming that plaintiffs' reconventional demand was improperly joined with the foreclosure action. The state court granted Wells Fargo's exception on May 29, 2009, severing the

1

plaintiffs' reconventional demand from the executory process foreclosure suit, and ordered the plaintiffs to amend their pleadings to assert a new action against Wells Fargo. Pursuant to the state judge's order, the plaintiffs filed a Motion to Restyle Case and to Accept Amended Petition. The state court granted the motion, and ordered that the petition be severed from the initial proceedings; that it be restyled as a new proceeding, with a new case number; and that plaintiffs' "Amended Petition for Damages" be filed into the record of the new proceeding. This new petition added Select Portfolio, and asserted new claims. Wells Fargo was served on June 4, 2009, and Select Portfolio was served on June 5, 2009. Wells Fargo removed to this Court on July 6, 2009 and plaintiffs moved to remand arguing that the defendants' Notice of Removal was untimely, having been filed more than thirty days after the plaintiff filed its reconventional demand in state court. On August 26, 2009, this Court denied the plaintiff's Motion to Remand; the Court held that the severance and refiling of suit by the plaintiffs created a new proceeding with a new thirty-day removal period and that, therefore, the Notice of Removal was timely filed.[1] The plaintiffs then filed this motion for certification.

---

[1] Defendants filed their removal on July 6, 2009. Because 30 days after June 4, 2009 was July 4, 2009, a Saturday and federal holiday, the deadline is extended to the next working day. Fed. R. Civ. P. 6(a).

The plaintiffs submit that the Court's August 26, 2009, Order involves a controlling question of law as to which there is substantial ground for difference of opinion. They argue that the date of filing the reconventional demand marks the date when the action became removable and that severance and refiling of that action does not effect the application of the removal statute. They add that immediate appeal will materially advance ultimate termination of this litigation because a reversal by the appellate court would end the federal proceedings and remand the matter back to state court.

Defendants respond that the plaintiff has failed to show that the Court's Order involves a controlling question of law because reversal would not terminate the litigation. Further, they argue that the plaintiffs have not proven that there are substantial grounds for differences of opinion--the plaintiffs have not presented any cases in support of their interpretation that severance and refiling does not create a new cause of action, while several district courts have held that a refiled action constitutes a new proceeding and restarts the removal period.

## Law and Analysis

The certification of interlocutory orders for appeal is governed by 28 U.S.C. § 1292(b). To certify an issue for interlocutory appeal, the question at issue must involve: (1) a controlling question of law, (2) substantial ground for a

3

difference of opinion, and (3) a question whose immediate appeal from the order will materially advance the ultimate termination of the litigation. See Aparicio v. Swan Lake, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981). Interlocutory appeals are "exceptional," the Fifth Circuit cautions, and "assuredly do not lie simply to determine the correctness" of a ruling. Clark-Dietz & Associates-Engineers, Inc. v. Basic Constr. Co., 702 F.2d 67, 67-69 (5th Cir. 1983); see also Tolson v. United States, 732 F.2d 998, 1002 (D.C. Cir. 1984) (citing Wright & Miller for the proposition that Section 1292(b) "is meant to be applied in relatively few situations and should not be read as a significant incursion on the traditional federal policy against piecemeal appeals").

The issue presented is whether the severance and refiling of the state court action created a new suit with a new thirty-day removal period under 28 U.S.C. § 1446(b). This is a question of law. To be a *controlling* question of law, courts require that it have "some impact on the course of the litigation." Ryan v. Flowserve Corp., 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). Arguably the issue here is controlling because if the court of appeal were to reverse this Court's decision, the proceedings would be significantly altered by a change in forum. However, the Court finds that the plaintiff fails to show a substantial ground for difference of opinion.

Courts have held that a substantial ground for difference of

4

opinion exists where

> "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement.

Ryan, 444 F. Supp. 2d at 723-24 (quoting 4 Am. Jur. 2d Appellate Review § 128 (2005)). This Court is neither the first nor the only one to hold that severance of the plaintiffs' reconventional demand creates a new suit with a new deadline for removal. For example, in Farmer v. St. Paul Fire & Marine Insurance Co., the Northern District of Mississippi held that "the state court's severance of the plaintiff's claims against [the defendant] from the original action into a separate and new action restarted Section 1446(b)'s one-year time limit for removal of diversity actions." No. 2:05-cv-161-D-B, 2006 WL 1134238, at *2 (N.D. Miss. April 24, 2006); see also Penn. Employees Benefit Trust Fund v. Astrazeneca Pharm., L.P., No. 08-04787-JF, 2008 WL 4891387, at *1 ( E.D. Penn. Nov. 13, 2008) (holding that "[t]he case which is now before this Court did not exist as a separate, removable, case until the present new complaint was filed in compliance with the [severance] Order"). The court in Farmer applied the Fifth Circuit's decision in United States v. O'Neil that "where a single claim is severed out of a suit, it proceeds as a discrete and independent action." 709 F.2d

5

361, 368 (5th Cir. 1983).

The plaintiffs here have not presented any case guides; only their own opinion. One case in this circuit disagrees with the court in <u>Farmer</u>. <u>See</u> <u>Perez v. Lacner Ins. Co.</u>, No. c-06-388, 2006 WL 2850065, at *2 (S.D. Tex. Oct. 4, 2006). In <u>Perez</u>, the court held that severance of an action by the state trial court and refiling by the plaintiff did not restart the removal period. <u>Id.</u> But the <u>Perez</u> court relied on Texas law for a determination of when the cause of action commences.[2] <u>Id.</u> The <u>Perez</u> case hardly stands for a substantial ground for disagreement. First, there is some indication that Louisiana courts consider a severed, refiled claim to have been "begun anew." <u>See</u> <u>Jones v. Arnold</u>, 589 So. 2d 1, 1 (La. 1991). Second, the Fifth Circuit in <u>O'Neil</u> held that severance of a claim under Rule 21 of the Federal Rules of Civil Procedure for Misjoinder of parties creates a "discrete, independent" suit, but severance under Rule 42(b)--for convenience, to avoid prejudice, or to expedite and economize--does not. 709 F.2d at 368. Although the Fifth Circuit in <u>O'Neil</u> dealt with whether a judgment on a severed action was final and appealable even though the claims from which it was severed remained unresolved, the Court finds the <u>O'Neil</u> reasoning supports its conclusion that where a plaintiff's

---

[2] It must be noted that the courts in <u>Farmer</u> and <u>Perez</u> were determining the time of "commencement" for purposes of the 1 year limit on removal of an action that becomes removable under 28 U.S.C. § 1332.

state law claim is severed for improper cumulation a "discrete, independent" suit is created for purposes of removal. See id.

Finally, there is no indication that other courts of appeals have reached a different result or that the circuits are split but that the Fifth Circuit has not yet spoken on the point. At best, this is a case a first impression, which is not, on its own, sufficient to show substantial grounds for disagreement. See Ryan, 444 F. Supp. 2d at 724.  Thus, the Court finds that the plaintiffs have failed to establish substantial grounds for disagreement with this Court's determination that when, pursuant to a severance order, a plaintiff refiles its case with a new case number, a new proceeding has commenced for removal purposes.[3] Accordingly, the plaintiffs' Motion is DENIED.


New Orleans, Louisiana, October 7, 2009.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] Having found no substantial ground for disagreement, the Court need not determine whether immediate appeal would advance the termination of the litigation.